## SUCV2004-03014 FILED
## Encompass Insurance Company v Great Northern Insurance Company

CLERKS OFFICE

2004 OCT 19 P 3: 26

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | | | | | |
|---|---|---|---|---|---|
| File Date | 07/08/2004 | Status | Disposed: transfered to other court (dtrans) | | |
| Status Date | 10/14/2004 | Session | G - Civil G | | |
| Origin | 1 | Case Type | A99 - Misc contract | | |
| Lead Case | | Track | F | | |
| | | | | | |
| Service | 10/06/2004 | Answer | 12/05/2004 | Rule12/19/20 | 12/05/2004 |
| Rule 15 | 12/05/2004 | Discovery | 05/04/2005 | Rule 56 | 06/03/2005 |
| Final PTC | 07/03/2005 | Disposition | 09/01/2005 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
Encompass Insurance Company
Active 07/08/2004

**Private Counsel 205920**
John P Graceffa
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210-1181
Phone: 617-439-7500
Fax: 617-342-4936
Active 07/08/2004 Notify

**Private Counsel 659492**
Allain P Collins
250 Summer St
Boston, MA 02210-1181
Phone: 617-737-8840
Active 07/08/2004 Notify

**Defendant**
Great Northern Insurance Company
Service pending 07/08/2004

**Private Counsel 550156**
Mark W Corner
Riemer & Braunstein
3 Center Plaza
Boston, MA 02108
Phone: 617-523-9000
Fax: 617-880-3456
Active 10/14/2004 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 07/08/2004 | 1.0 | Complaint & jury demand on complaint (all issues) |
| 07/08/2004 | | Origin 1, Type A99, Track F. |
| 07/08/2004 | 2.0 | Civil action cover sheet filed |
| 10/13/2004 | | Certified copy of petition for removal to U. S. Dist. Court of Deft. |
| | | Great Northern Insurance Company  U. S. Dist.#(04CV12131RWZ. |
| 10/14/2004 | | Case REMOVED this date to US District Court of Massachusetts |

I HEREBY ATTEST AND CERTIFY ON

OCT. 14, 2004, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:

ASSISTANT CLERK.

# CIVIL ACTION COVER SHEET

04-3014

Trial Court of Massachusetts
Superior Court Department
County: SUFFOLK

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| ENCOMPASS INSURANCE COMPANY As Subrogee of Anthony Khouri | GREAT NORTHERN INSURANCE COMPANY |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
|---|---|
| John P. Graceffa, Allain P. Collins Morrison Mahoney LLP, 250 Summer Street Boston, MA 02210 Board of Bar Overseers number: 205920 | |

## Origin code and track designation

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A99 | Subrogation | ( F ) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ......................... $.........
2. Total Doctor expenses ........................... $.........
3. Total chiropractic expenses ..................... $.........
4. Total physical therapy expenses ................. $.........
5. Total other expenses (describe) ................. $.........
   Subtotal $.........
B. Documented lost wages and compensation to date ...... $.........
C. Documented property damages to date ................ $.........
D. Reasonably anticipated future medical and hospital expenses ... $.........
E. Reasonably anticipated lost wages .................. $.........
F. Other documented items of damages (describe)

   $.........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

   $.........
   TOTAL $.........

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

This is a subrogation action where an excess carrier is attempting to recover its payment of primary insurer's contractual obligation.

TOTAL $. 75,000.00

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ J. P. _____ DATE: 7/7/04

AOTC-6 mic005-11/99
A.O.S.C. 1-2000

I HEREBY ATTEST AND CERTIFY ON
OCT. 14, 2004, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY _____

ASSISTANT CLERK.

*Suffolk Superior Civil # 04-3014*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

ENCOMPASS INSURANCE COMPANY,
AS SUBROGEE OF ANTHONY
KHOURI,

                    PLAINTIFF,

v.

GREAT NORTHERN INSURANCE
COMPANY,

                    DEFENDANT.

**NOTICE OF REMOVAL**

**04 ⁻ 1 2 1 3 1 RWZ**

MAGISTRATE JUDGE *Bowler*

TO:    **THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
       FOR THE DISTRICT OF MASSACHUSETTS**

        The Defendant Great Northern Insurance Company ("Great Northern") submits the

following Notice of Removal, and states as follows:

        1.      Great Northern is the Defendant in a civil action pending in the Superior Court of

the Commonwealth of Massachusetts entitled <u>Encompass Insurance Company, as Subrogee of</u>

<u>Anthony Khouri v. Great Northern Insurance Company</u>, Suffolk Superior Court, Civil Action

No. 04-3014 (the "Superior Court Action").

        2.      Great Northern is a Minnesota corporation having its principal place of business

in the State of New Jersey.

        3.      The Complaint in the Superior Court action recites that the Plaintiff is a citizen of

the State of Illinois, and that the amount in controversy is alleged to be $75,000, plus attorney's

fees and multiple damages under G.L. c. 93A and G.L. c. 176D.

        4.      Since the Superior Court Action is between citizens of different states, and the

amount in controversy is alleged to exceed $75,000, the United States District Court for the

District of Massachusetts has original jurisdiction over the subject matter of the claim alleged in

the Superior Court Action, on the basis of diversity of citizenship, pursuant to 28 U.S.C.

§1332(a).

5.    Accordingly, Great Northern may remove this action to the United States District

Court for the District of Massachusetts pursuant to 28 U.S.C. §1441(a).

6.    Great Northern was first notified of the Superior Court Action upon being served

with a copy of the Summons and Complaint on or about September 23, 2004.  Accordingly,

Great Northern has removed this action within the time permitted by 28 U.S.C. §1446(b).

7.    Pursuant to Local Rule 81.1(a), Great Northern shall request that the Clerk of the

Suffolk Superior Court prepare certified or attested copies of all records of proceedings in the

Superior Court Action, and of all docket entries therein, and Great Northern shall file the same

within thirty (30) days within the filing of this Notice of Removal.

WHEREFORE, the Defendant Great Northern Insurance Company respectfully gives

notice that the Superior Court Action has been removed from Suffolk Superior Court to the

United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §1441.


GREAT NORTHERN INSURANCE
COMPANY,

By its Attorneys,
RIEMER & BRAUNSTEIN LLP


Dated: October 6, 2004

Mark W. Corner
BBO No. 550156
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000

. HEREBY ATTEST AND CERTIFY ON

OCT. 14, 2004 , THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

(12581-999)
855820.1

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY.

ASSISTANT CLERK.

2

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. 04-3014

---

ENCOMPASS INSURANCE COMPANY,
A SUBROGEE OF ANTHONY KHOURI,

        Plaintiff,

v.

GREAT NORTHERN INSURANCE
COMPANY,

        Defendant.

---

**NOTICE OF FILING NOTICE OF
REMOVAL TO UNITED STATES
DISTRICT COURT**

**TO:**   **Clerk for Civil Business
Suffolk Superior Court
90 Devonshire Street
Boston, Massachusetts**

Please take notice that the Defendant Great Northern Insurance Company did on October 6, 2004 file in the United States District Court for the District of Massachusetts its Notice of Removal of said case from the above-referenced Court to the United States District Court for the District of Massachusetts. A certified copy of the Notice of Removal is attached as Exhibit A.

GREAT NORTHERN INSURANCE
COMPANY,

By its Attorneys,
RIEMER & BRAUNSTEIN LLP

Dated: October 13, 2004

Mark W. Corner
BBO No. 550156
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000

I, Mark W. Corner, hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on ___10/13/04___

(12581-999)

Mark W. Corner

Clerk
October 13, 2004
Page 2

     Please feel free to contact the undersigned if you have any questions. Thank you for your usual courtesy and cooperation.

Very truly yours,

Mark W. Corner

MWC/jlk
cc:    John P. Graceffa, Esquire
Enclosure
(12581-617)856623.1

*RIEMER & BRAUNSTEIN*LLP
COUNSELORS AT LAW

**1**

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT
DEPARTMENT OF TRIAL COURT
C.A. NO.

*04 - 3014 - 2*

———————————————————— )
)
ENCOMPASS INSURANCE COMPANY, )
As Subrogee of Anthony Khouri, )
    Plaintiff, )
)
v. )
)
GREAT NORTHERN INSURANCE )
COMPANY, )
    Defendant. )
———————————————————— )

*Filed July 8, 2004*

*Maura R. Doolan*
*asst. clerk*

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

### Parties

1.  The plaintiff, Encompass Insurance Company ("Encompass"), is an insurance company duly authorized to transact the business of insurance in the Commonwealth of Massachusetts with a principal place of business at CNA Plaza, 333 South Wabash Avenue, Chicago, Illinois.  Pursuant to a contract of insurance and as a matter of law and equity, Encompass is subrogated to the rights of Anthony Khouri, the son of Elias and Mary Khouri, individuals who were insured under an excess policy of insurance issued by Encompass.

2.  The defendant, Great Northern Insurance Company, ("Great Northern"), is an insurance company duly authorized to transact the business of insurance in the Commonwealth of Massachusetts with a principal place of business at 5 Mt. View Road, Warren, New Jersey, 07059.

## FACTS

3.    On or before April 10, 1999, the defendant, Great Northern, provided a primary policy of insurance to Anthony Khouri with policy limits of $500,000 per occurrence.

4.    Plaintiff, Encompass, provided an excess policy of insurance to Anthony Khouri in the amount of $3,000,000 for the applicable policy period.

5.    On or about April 10, 1999, an incident occurred involving Marc Sabani, Anthony Khouri, and Dominic Riggio.

6.    As a result of this April 10, 1999 incident, a lawsuit was filed in Suffolk Superior Court, Civil Action Number 001723, entitled <u>Marc Sabini, Albert J. Sabini and Cheryl Sabini v. Anthony Khouri and Dominic Riggio</u>, alleging that Marc Sabini sustained injuries due to an assault and battery and the negligence of Anthony Khouri and Dominic Riggio ("the Lawsuit"). A copy of this complaint is attached hereto as Exhibit 1 and incorporated herein.

7.    In the Lawsuit, Anthony Khouri filed a motion for summary judgment under Rule 56, which was denied on August 13, 2002 on the basis that there was evidence supporting an assault by Anthony Khouri of Marc Sabini as well as evidence of negligence and joint enterprise for the damages sustained by Marc Sabini. A copy of this summary judgment denial is attached hereto as Exhibit 2 and incorporated herein.

8.    The amount of damages sustained by Marc Sabini as a result of the April 10, 1999 incident exceeded $500,000 in medical expenses alone, and Mr. Sabini presented evidence of permanent brain damage.

9.    On or about January 27, 2003, the Michigan Court of Appeals ruled that the other defendant, Dominic Riggio, was not entitled to coverage for the April 10, 1999 incident.

10.    On or about August 19, 2003, Marc Sabini made a settlement demand of $2 Million against defendant, Great Northern, and plaintiff, Encompass, to settle all claims contained in the Lawsuit, based on the medical costs of over $500,000 and all remaining damages sustained by Marc Sabini. A copy of this settlement demand is attached hereto as Exhibit 3 and incorporated herein.

11.    On or about March 2, 2004, plaintiff, Encompass, demanded that defendant, Great Northern, immediately tender its policy limits to preclude or limit Encompass' liability arising from the April 10, 1999 incident. A copy of the Encompass demand is attached hereto as Exhibit 4 and incorporated herein.

12.    Upon information and belief, the defendant, Great Northern, refused to pay any more than $400,000 to resolve the Lawsuit notwithstanding Great Northern's liability for its $500,000 policy limits.

13.    In the Lawsuit, a subsequent demand of $475,000 was made to settle all claims arising from the April 10, 1999 incident. Great Northern again refused to pay any more than $400,000.

14.    To protect its own interest and the interest of its insured, Anthony Khouri, Encompass invoked the doctrine of equitable subrogation by involuntarily paying $75,000, thus allowing the Lawsuit against the insured, Anthony Khouri, to be settled for a total of $475,000.

## COUNT FOR EQUITABLE SUBROGATION

15.    The plaintiff Encompass, repeats, reavers and incorporates by reference the allegations contained in Paragraphs 1 through 14 of this Complaint as if fully set forth herein.

16.    Defendant Great Northern, breached the terms and provisions of its primary insurance policy to its insured, Anthony Khouri, by failing to pay the total amount of $475,000 and failed to acknowledge its financial responsibility for the damages caused by its insured, Anthony Khouri, in the incident arising on April 10, 1999.

17.    The plaintiff, Encompass, is entitled to recover its payment of $75,000 against defendant, Great Northern, due to the breach of the primary insurance policy issued to the insured, Anthony Khouri.

WHEREFORE, plaintiff Encompass Insurance Company, seeks reimbursement of the $75,000.00 together with interest, fees and costs and such other relief that this Court deems just and proper.

### COUNT FOR UNFAIR AND DECEPTIVE BUSINESS PRACTICES

18.    The plaintiff Encompass repeats, reavers and incorporates by reference the allegations contained in paragraphs 1 through 17 of this Complaint as if fully set forth herein.

19.    Defendant Great Northern committed an unfair and deceptive act pursuant to G.L. c.93A, §§ 9 and 11 and G.L. c.176D, when it refused to settle the lawsuit within its policy limits when liability was reasonably clear and damages clearly exceeded the policy limit.

20.    Defendant Great Northern committed an unfair and deceptive act pursuant to G.L. c.93A, §§ 9 and 11 and G.L. c.176D when it refused to settle the lawsuit within its policy limits and exposed both its insured and Encompass to an excess judgment.

WHEREFORE, plaintiff Encompass Insurance Company, seeks reimbursement of the $75,000.00 plus double or treble damages, together with interest, fees and costs and such other relief that this Court deems just and proper.

-4-

## JURY CLAIM

ENCOMPASS INSURANCE COMPANY HEREBY DEMANDS A TRIAL BY JURY
ON ALL COUNTS SO TRIABLE.

Respectfully submitted,
ENCOMPASS INSURANCE COMPANY,
As Subrogee of Anthony Khouri,
By its attorneys,

**MORRISON MAHONEY LLP**

John P. Graceffa, BBO #205920
Allain P. Collins, BBO #659492
250 Summer Street
Boston, MA  02210-1181
Tel. (617) 737-8840

. HEREBY ATTEST AND CERTIFY ON
<u>OCT. 14, 2004</u> , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY

ASSISTANT CLERK.

MAY 02 2000 12:51 FF ·UBB GROUP OF INS   617 439 8494 TO ST 3150       P.06/12
Apr-27-00 02:18P Un   rsico Insurance Serv 1 81C   79 6769       P.06

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK COUNTY. SS

SUPERIOR COURT DEPARTMENT OF
THE TRIAL COURT
C. A. NO.

00-1723 A

---

MARC SABINI. ALBERT J. SABINI, AND
CHERYL SABINI,

Plaintiffs.

v.

ANTHONY KHOURI and
DOMINIC RIGGIO,

Defendants.

COMPLAINT
AND JURY CLAIM

---

**PARTIES**

1.    The Plaintiff, Marc Sabini is an individual residing in Basking Ridge New Jersey. At the time of the incident, the Plaintiff. Marc Sabini, was a full-time student at Boston College residing in Chestnut Hill, Massachusetts.

2.    The Plaintiffs. Albert Sabini and Cheryl Sabini are husband and wife and are the parents of the Plaintiff, Marc Sabini.

3.    The Defendant, Anthony Khouri is an individual who resides at 90 Commonwealth Avenue, Chestnut Hill, MA.

4.    The Defendant, Dominic Riggio, Jr. is an individual who resides at 314 Woodcreek Way N., Bloomfield, MI.

**FACTS**

5.    On or about April 10, 1999, the Plaintiff, Marc Sabini and the Defendants, Anthony Khouri and Dominic Riggio, Jr. attended a party at 17 Kinross Road, Brighton, Suffolk County, Massachusetts.

6.    During the party, the Defendants consumed a large amount of alcohol and became intoxicated. After leaving the party, the Defendants followed the Plaintiff and his friends outside and onto the street.

MAY 02 2000 12:32 FR  UBB GROUP CF INS   617 439 0454 TO 5279130      P.07/12
Apr-27-00 02:18P Un   rsico Insurance Serv 1 810  79 6769          P.06
                                                                  P.04

7.  There was an altercation between the Defendants and Plaintiff whereby the Plaintiff, Marc Sabini was caused to fall and strike his head on the curb. While the Plaintiff was on the ground, the Defendant, Dominic Riggio kicked the Plaintiff, Marc Sabini.

## COUNT I
### (ASSAULT AND BATTERY)
### (MARC SABINI V. DOMINIC RIGGIO)

8.  The Plaintiff incorporates by reference ¶¶ 1-7 as though expressly alleged herein.

9.  On or about April 10, 1999 the Defendant, Dominic Riggio did assault the Plaintiff, Marc Sabini and caused him apprehension of imminent harm.

10.  On or about April 10, 1999 the Defendant, Dominic Riggio did batter the Plaintiff, Marc Sabini.

12.  As a direct and proximate result thereof, the Plaintiff sustained serious physical injuries, has incurred substantial medical expenses, which continue, has suffered great pain of body and mind, and has been unable to go about his usual social and school activities.

WHEREFORE, the Plaintiff, Marc Sabini, demands judgment against the Defendant, Dominic Riggio together with interest and costs.

## COUNT II
### (ASSAULT AND BATTERY)
### (MARC SABINI V. ANTHONY KHOURI)

13.  The Plaintiff incorporates ¶¶ 1-12 as though expressly alleged herein.

14.  On or about April 10, 1999 the Defendant, Anthony Khouri did assault the Plaintiff, Marc Sabini and cause him apprehension of imminent harm.

15.  On or about April 10, 1999 the Defendant, Anthony Khouri did batter the Plaintiff, Marc Sabini.

16.  As a direct and proximate result thereof, the Plaintiff sustained serious physical injuries, has incurred substantial medical expenses, which continue, has suffered great pain of body and mind, and has been unable to go about his usual social and school activities.

WHEREFORE, the Plaintiff, Marc Sabini, demands judgment against the Defendant, Anthony Khouri together with interest and costs.

## COUNT III
### (NEGLIGENCE)
### (MARC SABINI V. ANTHONY KHOURI)

17.     The Plaintiff incorporates ¶¶ 1-16 as though expressly alleged herein.

18.     On or about April 10, 1999 the Defendant, Anthony Khouri was so careless and negligent that he injured the Plaintiff.

19.     As a direct and proximate result thereof, the Plaintiff sustained serious physical injuries, has incurred substantial medical expenses, which continue, has suffered great pain of body and mind, and has been unable to go about his usual social and school activities.

WHEREFORE, the Plaintiff, Marc Sabini, demands judgment against the Defendant, Anthony Khouri together with interest and costs.

## COUNT IV
### (NEGLIGENCE)
### (MARC SABINI V. DOMINIC RIGGIO)

20.     The Plaintiff incorporates ¶¶ 1-19 as though expressly alleged herein.

21.     On or about April 10, 1999 the Defendant, Dominic Riggio, was so careless and negligent that he injured the Plaintiff, Marc Sabini.

22.     As a direct and proximate result thereof, the Plaintiff sustained serious physical injuries, has incurred substantial medical expenses, which continue, has suffered great pain of body and mind, and has been unable to go about his usual social and school activities.

WHEREFORE, the Plaintiff Marc Sabini demands judgment against the Defendant, Dominic Riggio together with interest and costs.

## COUNT V
### (LOSS OF CONSORTIUM)
### (ALBERT SABINI v. ANTHONY KHOURI)

23.     The Plaintiff incorporates ¶¶ 1-22 as though expressly alleged herein.

24.     As a direct and proximate result of the Defendant, Anthony Khouri's carelessness and negligence, the Plaintiff, Albert Sabini, has been deprived of the love, care, companionship and consortium of his son, Marc Sabini.

WHEREFORE, the Plaintiff, Albert Sabini, demands judgment against the Defendant, Anthony Khouri, together with interest and costs.

3

## COUNT VI
### (LOSS OF CONSORTIUM)
### (ALBERT SABINI v. DOMINIC RIGGIO)

25.    The Plaintiff incorporates ¶¶ 1-24 as though expressly alleged herein.

26.    As a direct and proximate result of the Defendant, Dominic Riggio's carelessness and negligence, the Plaintiff, Albert Sabini, has been deprived of the love, care, companionship and consortium of his son, Marc Sabini.

WHEREFORE, the Plaintiff, Albert Sabini, demands judgment against the Defendant, Dominic Riggio, together with interest and costs.

## COUNT VII
### (LOSS OF CONSORTIUM)
### (CHERYL SABINI v. ANTHONY KHOURI)

27.    The Plaintiff incorporates ¶¶ 1-26 as though expressly alleged herein.

28.    As a direct and proximate result of the Defendant, Anthony Khouri's carelessness and negligence, the Plaintiff, Cheryl Sabini, has been deprived of the love, care, companionship and consortium of her son, Marc Sabini.

WHEREFORE, the Plaintiff, Cheryl Sabini, demands judgment against the Defendant, Anthony Khouri, together with interest and costs.

## COUNT VIII
### (LOSS OF CONSORTIUM)
### (CHERYL SABINI v. DOMINIC RIGGIO)

29.    The Plaintiff incorporates ¶¶ 1-28 as though expressly alleged herein.

30.    As a direct and proximate result of the Defendant, Dominic Riggio's carelessness and negligence, the Plaintiff, Cheryl Sabini, has been deprived of the love, care, companionship and consortium of her son, Marc Sabini.

WHEREFORE, the Plaintiff, Cheryl Sabini, demands judgment against the Defendant, Dominic Riggio, together with interest and costs.

4

MAY 02 2000 12:34 FR CHUBB GROUP OF INS   617 439 0454 TO 5⁻⁻8130        P.10/12
Apr-27-00 02:18P Un   rsico Insurance Serv 1 81(   79 6769        P.07

# JURY CLAIM

PLAINTIFFS CLAIM TRIAL BY JURY ON ALL CLAIMS AND ISSUES SO
TRIABLE.

The Plaintiffs,

By their Attorneys

BARRON & STADFELD, P.C.

Paul P. Davik
BBO No.:139560
Kevin P. Scanlon
BBO No.:564978
50 Staniford Street – Suite 200
Boston, MA 02144
(617) 723-9800
Fax (617) 523-8359

Dated: 4/24/00

5

MAY 02 2000 12:30 FR CHUBB GROUP OF INS   617 439 0454 TO 5--3130    P.04/12
Apr-27-00 02:17P Unf   FS-ED INS------   -----    P.01

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 00-1723 A

Marc Sabini, Albert Sabini,
and Cheryl Sabini
_____, Plaintiff(s)

v.

Anthony Khouri and Dominic Riggio
_____, Defendant(s)

## SUMMONS

Anthony Khouri
Rubenstein-044
To the above-named Defendant: 96 Commonwealth Avenue
Chestnut Hill, MA 02467-3827
You are hereby summoned and required to serve upon Kevin E. Scanlon, Esquire
at Barron & Stadfeld, P.C.
plaintiff's attorney, whose address is 50 Staniford Street, Suite 200, Boston, MA 02114, an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the Twenty-Fourth day of
April, in the year of our Lord two thousand

A TRUE COPY, ATTEST                    — Michael Joseph Donovan
                                              Clerk/Magistrate
Constable, _____ 9-25-w

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
(1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

Form CIV. P. 1 3RD Rev. 2007 9/93

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

MAY 02 2000 12:31 FR CHUBB GROUP OF INS   617 439 0454 TO 5239130          P.05/12
Apr-27-00 02:17P l   versico Insurance Serv 1 8.   779 6769          P.04
                                                                    P.03
                                                                    P.02

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____ , 2000   I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

_____

_____

Dated: _____ , 2000.        _____

N.B.   TO PROCESS SERVER:-
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

4-25-          , 2000.

Commonwealth of Massachusetts

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. _____

SUFFOLK, ss.

_____ , Pltf(s).

v.

_____ , Def(s).

SUMMONS
(Mass. R. Civ. P. 4)
(AFFIX FILING STAMP HERE)

NOTIFY

EX 2
8.13

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. 00-1723A

```
* * * * * * * * * * * * * *
                                   *
MARC SABINI, ALBERT J.             *
SABINI and CHERYL SABINI,          *
                                   *
        Plaintiffs                 *
                                   *
v.                                 *
                                   *
ANTHONY KHOURI and DOMINIC         *
RIGGIO,                            *
                                   *
        Defendants                 *
                                   *
* * * * * * * * * * * * * *
```

*Notice sent*
*8-13-02*
*KmS*
*AmC*
*BJM*
*DPD*
*KPS*
*B+S*
*RJS*
*JB14*
*mP+S*
*el.*

**DEFENDANT, ANTHONY KHOURI'S, RENEWED MOTION FOR SUMMARY JUDGMENT**

The defendant, Anthony Khouri, moves the Court pursuant to Rule 56 of the Massachusetts Rules of Civil Procedure for summary judgment in his favor. As grounds for this renewed motion, the defendant states that upon the undisputed material facts he is entitled to judgment as a matter of law. The grounds for this motion are more fully set forth in the memorandum of law filed herewith.

*Likewise, there is evidence upon which a reasonable fact finder could find Khouri's negligence was a proximate cause of the injuries, either independently or as a result of joint enterprise with Riggio. While there is also substantial evidence that Riggio's actions constituted a legally supervening cause, the resolution of this issue is for the trier of fact.*

*8/13/02*

*Ernest B. Murphy, J.*

[Left margin handwritten note:] *Whether this entire group, act a matter for the trier of fact, is engaging in fighting or assault by Khouri on Marc Sabini. Sabini's injuries in questionable cause. Plaintiff's case.*

[Bottom left margin handwritten note:] *Denied. Thus, there is evidence on the record supporting an assault by ... & proximate cause ... Verdict after Directed by ... assault can be proven upon Motion for Directed ...*

EX 3

# BARRON & STADFELD, P.C.

ATTORNEYS AT LAW
50 STANIFORD STREET
SUITE 200
BOSTON, MASSACHUSETTS 02114-2505
(617) 723-9800
(800) 433-3530
FACSIMILE: (617) 523-8359

BARRON@BARRONSTAD.COM

BERNARD A. DWORK
ENID H. STARR
THOMAS V. BENNETT
EDWARD E. KELLY
KEVIN F. MOLONEY
DAVID P. DWORK
JULIE T. MORAN *(NY)
ROBERT J. HOFFER
JOSEPH G. BUTLER *(MD) *(RI)
DENISE L. PAGE
KERRY PAUL CHOI
JOHN K. BRITT
SHAWN P. O'ROURKE *(NH)
ROGER T. MANWARING
KEVIN P. SCANLON *(NH)
KELLY A. FLYNN *(NY)
BENJAMIN S. KAFKA
RACHEL D. BAIME
ADAM N. BERKOWITZ
*ALSO ADMITTED

HERTZ N. HENKOFF
ELLIOTT J. MAHLER
WILKINS AND DeYOUNG
OF COUNSEL

LEO DUNN (1920-1990)

CAPE COD OFFICE
258 WINTER STREET
HYANNIS, MASSACHUSETTS 02601
(508) 778-6622

DIRECT DIAL NUMBER:

617-531-6566

August 19, 2003

Richard J. Shea, Esquire
Melick, Porter & Shea, LLP
28 State Street
Boston, MA 02109-1775

Re:  **Marc Sabini, et al. v. Anthony Khouri, et al.**
     **Suffolk Superior Court C. A. No. 00-1723A**

### FOR SETTLEMENT PURPOSES ONLY

Dear Attorney Shea:

As you know, my clients have authorized us to attend mediation in order to resolve their claims against your client, Anthony Khouir.  In anticipation of that mediation, my clients have authorized us to make the following demand for settlement.

As you are aware, my client, Marc Sabini, has suffered catastrophic permanent injuries due to your client's alleged actions.  Marc's parents have also suffered immeasurable grief and heartache and the entire family's lives have been shattered.

Since you are familiar with the facts that gives rise to your client's liability, I will not review them in this letter.  Suffice it to say, that as the evidence now stands, the plaintiffs have a strong and compelling case against your client for the injuries sustained by Marc Sabini and his parents.  In fact, on or about August 13, 2002, the Court (Murphy, J.) denied Khouir's motion for summary judgment stating, in relevant part, that a reasonable fact finder "could find Khouri's negligence was a proximate cause of the injuries, either independently or as a result of a joint-enterprise with Riggio."

As of today, Marc's medical bills are in excess of $500,000.00.  There is also a medical lien of approximately $345,000.00.  Marc has a permanent brain injury that prevents him from walking and communicating normally to people.  He requires assistance with his most basic activities of daily living such as going to the bathroom, showering, shaving, dressing, and brushing his teeth. It is likely that he will require assisted living care for the rest of his life.

**RECEIVED**

BARRON & STADFELD, P.C.

Richard J. Shea, Esq.
August 19, 2003
Page 2

    We understand that based upon your March 15, 2002 letter, Anthony Khouri has a primary insurance policy of $500,000.00 and an excess policy of insurance for $2,500,000.00 for a total coverage of $3,000,000.00.  Given Marc's catastrophic and permanent injuires, we believe that a jury will award Marc and his parents damages well in excess of your client's primary and excess insurance policies. Nonetheless, my clients have authorized me to settle all of their claims against your insured for $2,000,000.00.

    This settlement offer will remain open for a reasonable period of time and can be withdraw at any time prior to acceptance.  Please contact us if you have any questions.

                    Very truly yours,

                    BARRON & STADFELD, P.C.

                    David P. Dwork
                    Kevin P. Scanlon

KPS/ks
File No: 18925-1

[266600]

EX 4

# MORRISON, MAHONEY & MILLER, LLP

### COUNSELLORS AT LAW

John P. Graceffa
Phone: 617-737-8854
Fax: 617-342-4936
jgraceff@mail.mm-m.com

250 SUMMER STREET
BOSTON, MASSACHUSETTS 02210-1181
617-439-7500
FACSIMILE: 617-439-7590

| MASSACHUSETTS | CONNECTICUT |
|---|---|
| BOSTON | HARTFORD |
| FALL RIVER | |
| SPRINGFIELD | NEW YORK |
| WORCESTER | NEW YORK |
| RHODE ISLAND | ENGLAND |
| PROVIDENCE | LONDON |

March 3, 2004

BY HAND
Scott Langford
CHUBB INSURANCE
One Financial Center
Boston, MA  02111-2697

RE:    Marc Sabini, et al.
VS:    Anthony Khouri, et al.
        Suffolk Superior Court C.A. No. 00-1723A
        Encompass Insureds:    Elias and Mary L. Khouri
        Encompass Claim No.:    03438771
        Encompass Policy No.:   US-161657310
        Date of Loss:            4/10/99

Dear Mr. Langford:

        As you are aware, this firm has been retained to represent the interests of Encompass
Insurance Company in the above-referenced matter.  In this capacity, we have received and
reviewed a copy of the March 2, 2004 demand letter forwarded to Richard J. Shea, Esq. by
David O. Brink, Esq..  By this letter, Encompass Insurance hereby incorporates by reference the
terms of Mr. Brink's letter and demands that Chubb settle the case forthwith pursuant to the
terms of the Brink letter.

        Please be further advised that Encompass Insurance will indeed settle the case if need be
in order to protect the interests of the insured.  If this is necessary, then it is the position of
Encompass Insurance that Mr. Brink will be utilizing the $400,000.00 previously offered by
Chubb.  Any Encompass Insurance monies which are necessary above the $400,000.00 will be
utilized by Mr. Brink pursuant to a complete reservation of rights to re-coup such funds up to the
limit of the Chubb contract of insurance.  Encompass Insurance expressly states that is not acting
as a volunteer and is acting to protect the interests of the insured.

        Finally, note carefully that Chubb Insurance has a fiduciary duty to both its insured and
Encompass Insurance as its excess carrier.  In point of fact, there is an implied covenant of good
faith and fair dealing in every contract entered into in the Commonwealth of Massachusetts.
Bearing this in mind, it is the considered view of Encompass Insurance that this case must be
settled.  The views of the Superior Court in regard to the liability issue as expressed in the
summary judgment decision are both troubling and educational.  Moreover, it is the position of
Encompass Insurance that the potential damages are formidable.

**MORRISON, MAHONEY & MILLER, LLP**

Scott Langford
March 3, 2004
Page 2


     Accordingly, Encompass Insurance Company, as the excess carrier of Elias and Mary L. Khouri, hereby formally demands that Chubb forthwith settle the case within its policy limit or tender its limit to Encompass Insurance.  If Chubb refuses to do this, then Encompass Insurance will settle the case as described above and immediately file suit against Chubb seeking recovery of all indemnity monies within the Chubb limit as well as attorneys' fees, costs, interest and extracontractual damages.

                     Very truly yours,

                     MORRISON, MAHONEY & MILLER, LLP

JPG:std                     John P. Graceffa

cc:    Scott Shea/Encompass



$0.37

MA 0504

Scott Shea
ENCOMPASS INSURANCE
P. O. Box 9184
Quincy, MA  02269

02263+3164

MORRISON, MAHONEY & MILLER, LLP
250 SUMMER STREET
BOSTON. MASSACHUSETTS 02210-1181