UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-12131-RWZ

| | |
|---|---|
| ENCOMPASS INSURANCE COMPANY, AS SUBROGEE OF ANTHONY KHOURI, | |
| Plaintiff, | |
| v. | **DEFENDANT'S ANSWER** |
| GREAT NORTHERN INSURANCE COMPANY, | |
| Defendant. | |

The Defendant Great Northern Insurance Company ("Great Northern") answers the allegations contained in the Complaint of the Plaintiff Encompass Insurance Company, as Subrogee of Anthony Khouri ("Encompass") as follows:

## PARTIES

1.      Admitted upon information and belief.

2.      Admitted.

## FACTS

3.      Admitted.

4.      Denied.  Answering further, Great Northern states upon information and belief that the policy issued to Khouri's family had excess liability limits of $2.5 million.

5.      Admitted upon information and belief.

6.      Great Northern admits that the identified lawsuit was filed, and admits that the Complaint attached as Exhibit 1 is a true copy of the Complaint and Jury Claim filed against Great Northern's insured (the "Suffolk Complaint") in Suffolk Superior Court (the "Suffolk Litigation").  Answering further, Great Northern states that the Suffolk Complaint is a written

document that speaks for itself, and denies all allegations contained in paragraph 6 purporting to characterize the Suffolk Complaint at variance with the text of the document. Answering further, Great Northern states that the allegations contained in the Suffolk Complaint attached as Exhibit 1 are merely the allegations of the Plaintiff against Great Northern's insured, in a matter in which the merits were not adjudicated.

7.      Great Northern admits that Anthony Khouri filed a motion for summary judgment in the Suffolk Litigation, that that motion was denied, and that the document attached as Exhibit 2 to Encompass' Complaint is a true and accurate copy of the Court's endorsement denying Anthony Khouri's Renewed Motion for Summary Judgment in the Suffolk Litigation. Answering further, Encompass states that the Superior Court's Summary Judgment Order in the Suffolk Litigation is a written document that speaks for itself, and denies all allegations contained in paragraph 7 purporting to characterize that Order at variance with the text of the document.

8.      Great Northern admits that Marc Sabini alleged to have suffered damages exceeding $500,000 in medical expenses alone, and alleged to have suffered permanent brain damage. Answering further, Great Northern states that there were significant issues concerning the liability of its insured, Anthony Khouri, as well as whether and to what extent Great Northern's policy issued to Khouri covered the claims asserted against him.

9.      Admitted.

10.     Great Northern admits that Marc Sabini made a settlement demand, through counsel, of $2 million on or about August 19, 2003, and admits that the document attached to Exhibit 3 to Encompass' Complaint is a true and accurate copy of such settlement demand. Answering further, Great Northern states that the settlement demand is a written document that

speaks for itself, and denies all allegations purporting to characterize the settlement demand at variance with the text of the document. Answering further, Great Northern states that the demand was made by Marc Sabini's counsel upon counsel engaged by Great Northern to represent Anthony Khouri in the Suffolk Litigation.

11.    Great Northern admits that Encompass made demand upon Great Northern by letter dated March 3, 2004, and that the document attached as Exhibit 4 to the Complaint is a true and accurate copy of such demand letter. Answering further, Great Northern states that Encompass' demand is a written document that speaks for itself, and denies all allegations contained in paragraph 11 purporting to characterize the document at variance with its text.

12.    Great Northern denies the allegations contained in paragraph 12 as stated. Answering further, Great Northern admits that it offered to contribute $400,000 to settle Marc Sabini's claims against its insured, Anthony Khouri.

13.    Great Northern admits that counsel to Marc Sabini made a subsequent demand of $475,000 to settle Mr. Sabini's claims against Great Northern's insured, Anthony Khouri, and that Great Northern offered $400,000 to settle the case.

14.    Great Northern admits that Encompass voluntarily contributed $75,000 to the settlement of Marc Sabini's claims against its insured, Anthony Khouri, that Great Northern contributed $400,000 to settle Marc Sabini's claims against its insured, Anthony Khouri, and that a settlement of $475,000 was accepted by Marc Sabini in full settlement of all claims against Anthony Khouri. Great Northern denies all remaining allegations contained in paragraph 14.

## COUNT FOR EQUITABLE SUBROGATION

15.    Great Northern repeats and incorporates by reference its responses to the allegations contained in paragraphs 1-14 of the Complaint.

16. Denied.

17. Denied.

## COUNT FOR UNFAIR AND DECEPTIVE BUSINESS PRACTICES

18. Great Northern repeats and incorporates by reference its responses to the allegations contained in paragraphs 1-17 of the Complaint.

19. Denied.

20. Denied.

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff has failed to state a claim upon which relief may be granted by this Court.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiff is barred from recovery, in whole or in part, by the doctrine of waiver.

## THIRD AFFIRMATIVE DEFENSE

The Plaintiff is barred from recovery, in whole or in part, by the doctrine of accord and satisfaction.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff is barred from recovery in equity by the doctrines of estoppel, laches and unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff is barred from recovery as a result of having made payment voluntarily.

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiff is barred from recovery because the Defendant owed no legal or equitable duty to the Plaintiff, since there was no insurance coverage provided by the policies of insurance

4

issued by the Plaintiff and by the Defendants for the subject claim to which both parties contributed.

## SEVENTH AFFIRMATIVE DEFENSE

The Defendant's conduct was not "unfair or deceptive" as defined in G.L. c. 93A.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff lacks standing to bring a claim against the Defendant pursuant to G.L. c. 93A, §9.

## NINTH AFFIRMATIVE DEFENSE

To the extent that the Plaintiff has standing to bring an action against the Defendant pursuant to G.L. c. 93A, §9, the Plaintiff has failed to comply with the demand and other requirements set forth in that statute; accordingly, any such claim under G.L. c. 93A, §9 must fail.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to state an actionable claim under G.L. c. 176D.

## ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to state a claim for an unfair claim settlement practice as defined in G.L. c. 176D, §3(9).

## TWELFTH AFFIRMATIVE DEFENSE

The Defendant's settlement payment in the Suffolk litigation was reasonable in that liability of neither the Defendant nor its insured was "reasonably clear," as defined in G.L. c. 176D, §3(9).

## PRAYERS FOR RELIEF

WHEREFORE, the Defendant Great Northern Insurance Company prays that the

Complaint of the Plaintiff Encompass Insurance Company, as Subrogee of Anthony Khouri, be

dismissed, and for such other and further relief as this Court may deem just and appropriate.

GREAT NORTHERN INSURANCE
COMPANY,

By its Attorneys,
RIEMER & BRAUNSTEIN LLP

Dated: November 18, 2004

Mark W. Corner
BBO #550156
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000

857113.1

I, Mark W. Corner, hereby certify that a true copy of the
above document was served upon the attorney of record
for each other party by mail-hand on __11/18/04__ .

Mark W. Corner