UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-12131-RWZ

ENCOMPASS INSURANCE COMPANY,
AS SUBROGEE OF ANTHONY KHOURI,

Plaintiff,

v.

GREAT NORTHERN INSURANCE
COMPANY,

Defendant.

**LOCAL RULE 16.1(D) JOINT STATEMENT**

Pursuant to Local Rule 16.1(D), the Plaintiff Encompass Insurance Company, as Subrogee of Anthony Khouri ("Encompass") and the Defendant Great Northern Insurance Company ("Great Northern") submit the following Joint Statement:

1. **Factual Background.** This action is a claim for equitable subordination, and for violation of G.L. c.93A, brought by Encompass against Great Northern, arising out of the settlement of a case on behalf of their mutual insured, Anthony Khouri ("Khouri"). Great Northern had issued a homeowner's policy to Khouri's parents, with a coverage limit of $500,000. Encompass issued a policy to the Khouris, with limits of $2,500,000 for "excess liability" above the $500,000 underlying limit of the Great Northern policy. Khouri and another individual, Dominic Riggio ("Riggio"), are alleged to have engaged in an altercation involving Marc Sabini ("Sabini") on or about April 10, 1999, resulting in serious injuries to Sabini and giving to a lawsuit filed by Sabini in Suffolk Superior Court. At a mediation in November 2003, Sabini agreed to settle his claims against Khouri (in which he initially demanded $2 million) for payment of $475,000, of which Great Northern paid $400,000, and Encompass paid $75,000. In this action, Encompass seeks recovery of the $75,000 paid in settlement of a claim against

Khouri, contending that Great Northern, the underlying carrier, should have settled the claim on behalf of Khouri, its insured, within its $500,000 policy limit.

2.   **Proposed Plan for Disposition.**  Great Northern intends to move for summary judgment at the outset of this case, on the sole ground that Encompass made the payment of the $75,000 in settlement of Sabini's claim as a volunteer, and as such cannot recover such payment from Great Northern as a matter of law, because the limits of the underlying policy of insurance issued by Great Northern were not exhausted, and as such Encompass had no legal duty to contribute to the settlement.  This issue may be determined as a matter of law, without discovery, because it presents an issue of interpretation of the subject insurance policies, based upon factual circumstances as to which there is no genuine issue in dispute.  If this issue is determined in favor of Great Northern on a motion for summary judgment, it will dispose of the case in its entirety.

3.   **Proposed Discovery Plan.**  As noted, there will be no need to conduct discovery unless the Court denies the motion for summary judgment described above.  Accordingly, the parties jointly request that the Court defer issuing a discovery order until after it rules on Great Northern's motion for summary judgment, and that the Court schedule a Case Management Conference pursuant to Local Rule 16.3 to address discovery, further dispositive motions and trial, and to issue a Scheduling Order in accordance with Local Rule 16.1(F) if the Court denies Great Northern's motion for summary judgment on the issue of voluntary payment.

4.   **Preliminary Scheduling Order.**  The parties jointly request that the Court set the following Preliminary Scheduling Order:

- Automatic Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2(A) made on or before January 21, 2005.

- Defendant's Motion for Summary Judgment, with supporting materials, filed on or before February 4, 2005.

- Plaintiff's Opposition to Defendant's Motion for Summary Judgment filed on or before February 18, 2005.

- Defendant's Reply Brief, if any, filed on or before March 4, 2005.

- Oral argument on Defendant's Motion for Summary Judgment to be scheduled by the Court.

- Local Rule 16.3 Case Management Conference to be scheduled by the Court if Defendant's Motion for Summary Judgment is denied.

5. **Local Rule 16.1(D)(3) Certifications.** To be filed under separate cover.

ENCOMPASS INSURANCE COMPANY, AS SUBROGEE OF ANTHONY KHOURI
By its Attorneys,

/s/ Richard J. Conner (MWC with RJC assent)
Richard J. Conner, BBO #094860
Law Office of Richard J. Conner
424 Adams Street
Milton, Massachusetts 02186
(617) 698-6767

DATED: December 29, 2004

GREAT NORTHERN INSURANCE COMPANY,
By its Attorneys,

/s/ Mark W. Corner
Mark W. Corner, BBO #550156
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000

869736.1