UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-12131-RWZ

ENCOMPASS INSURANCE COMPANY,
AS SUBROGEE OF ANTHONY KHOURI,

Plaintiff,

v.

GREAT NORTHERN INSURANCE
COMPANY,

Defendant.

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the Defendant Great Northern Insurance Company ("Great Northern") moves for summary judgment on both counts of the Complaint of the Plaintiff Encompass Insurance Company as subrogee of Anthony Khouri ("Encompass"). As grounds for this motion, Great Northern states that, based upon the undisputed material facts of record, as set forth in this case in the allegations contained in Encompass' Complaint, and in the subject insurance policy issued by Encompass, Great Northern is entitled to judgment as a matter of law.

In support of this motion, Great Northern states as follows:

1.  Under the terms of the Encompass insurance policy (a certified copy of which is submitted to the Court and attached to the Local Rule 56.1 Statement submitted by Great Northern), Encompass had no legal duty to contribute to the settlement of the claims raised against its insured, Anthony Khouri ("Khouri") unless and until the $500,000 underlying limit contained in the primary policy issued to Khouri by Great Northern was exhausted by the payment of claims.

2.  Because Encompass made the business decision to contribute to the settlement of the claims of Khouri before the $500,000 underlying limit was exhausted, in order to protect its

excess limit, its payment was voluntary as a matter of law. Accordingly, it has no right, under the theory of equitable subrogation, to recover the $75,000 paid in settlement of such claim from Great Northern.

3.  Because Great Northern has no duty, nor any obligation, to compensate Encompass for its voluntary payment, its refusal to do so is not "unfair or deceptive," and as such is not a violation of G.L. c. 93A, §11. Nor did Encompass sustain any "loss of money or property" as would give rise to a claim under G.L. c. 93A, §11. Accordingly, the second count contained in Encompass' Complaint should also be dismissed.

In further support of this motion, Great Northern submits a Rule 56.1 Statement, and relies upon the allegations contained in the Plaintiff's Complaint and the subject policy of insurance issued by Encompass to Khouri (a certified copy of which is attached to the Rule 56.1 Statement).

GREAT NORTHERN INSURANCE COMPANY,

By its Attorneys,
RIEMER & BRAUNSTEIN LLP

Dated: February 4, 2005

/s/ Mark W. Corner
Mark W. Corner, BBO #550156
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000

2

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2).

Mark W. Corner states under the penalties of perjury as follows: that I am counsel of record for the Defendant Great Northern Insurance Company; that on December 23, 2004, in connection with preparation of the Local Rule 16.1(D) Joint Statement, I notified Richard J. Conner, counsel to the Plaintiff Encompass Insurance Company, that I intended to move, on behalf of Great Northern, for summary judgment on the grounds raised in the foregoing motion. Mr. Conner did not assent to such proposed dispositive motion.

**SIGNED UNDER THE PENALTIES OF PERJURY THIS 4th DAY OF FEBRUARY, 2005.**

/s/ Mark W. Corner
Mark W. Corner

## CERTIFICATE OF SERVICE

I, Mark W. Corner hereby certify that on this date, February 4, 2005, I served the foregoing by causing a copy of same to be mailed, postage prepaid to:

Richard J. Conner, Esquire
424 Adams Street
Milton, Massachusetts 02186

/s/ Mark W. Corner
Mark W. Corner

(12581-617)875525.1