UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-12131-RWZ

ENCOMPASS INSURANCE COMPANY,
AS SUBROGEE OF ANTHONY KHOURI,

Plaintiff,

v.

GREAT NORTHERN INSURANCE
COMPANY,

Defendant.

**DEFENDANT'S LOCAL RULE 56.1
STATEMENT OF UNDISPUTED
MATERIAL FACTS**

Pursuant to Local Rule 56.1, the Defendant Great Northern Insurance Company ("Great Northern") submits the following statement of material facts as to which there is no genuine issue in dispute:

1.      The Plaintiff Encompass Insurance Company ("Encompass") and Great Northern are each insurance companies authorized to do business in the Commonwealth of Massachusetts (Complaint, ¶¶ 1 and 2).

2.      On or before April 10, 1999, Great Northern provided a primary policy of insurance to the family of Anthony Khouri ("Khouri") with policy limits of $500,000 per occurrence (Complaint, ¶ 3).

3.      Encompass provided excess coverage to Khouri with a limit of $2,500,000, listing the Great Northern policy as underlying insurance (Complaint, ¶ 4 and Encompass Policy[1]).

4.      On or about April 10, 1999, an incident occurred involving Marc Sabini

---

[1] A certified copy of the declarations pages, and the Optional Excess Liability Coverage Endorsement to the Encompass Policy, is attached hereto at Exhibit A.

("Sabini"), Khouri and Domenic Riggio ("Riggio").  As a result of this incident, a lawsuit was filed in Suffolk Superior Court, Civil Action No. 00-1723, entitled <u>Marc Sabini, et al. v. Anthony Khouri, et al.</u> (the "Suffolk Action"), alleging that Sabini sustained injuries due to an assault and battery in the negligence of Khouri and Riggio (Complaint, ¶¶ 5, 6).

5.      The amount of damages sustained by Sabini as a result of the April 10, 1999 accident exceeded $500,000 in medical expenses alone, and Sabini presented evidence of permanent brain damage (Complaint, ¶ 8).

6.      On or about August 19, 2003, Sabini made a settlement demand of $2,000,000 against Great Northern and Encompass, to settle all claims contained in the Suffolk Action, based on medical costs of over $500,000 and other damages allegedly sustained by Sabini (Complaint, ¶ 10 and Exhibit 3).

7.      On or about March 2, 2004, Encompass demanded that Great Northern immediately tender its policy limits to Encompass (Complaint, ¶11, and Exhibit 4).

8.      Subsequently, Sabini made a demand of $475,000 to settle all claims against Khouri in the Suffolk Action (Complaint, ¶ 13).

9.      Great Northern offered to pay $400,000 to settle the Suffolk Action (Complaint, ¶ 13).

10.     Encompass paid $75,000 to settle the claims in the Suffolk Action (Complaint, ¶ 14).

11.     Based upon a $400,000 contribution by Great Northern, and a $75,000 contribution by Encompass, the two insurers settled all claims asserted against their insured, Khouri, for $475,000 (Complaint, ¶ 14).

12.     The Encompass Policy provides in relevant part as follows:

> We will pay damages for which a <u>covered person becomes legally liable due to an occurrence</u> resulting in personal injury, bodily injury or property damage, up to the amount of liability shown in the Coverage Summary for "Optional Excess Liability." <u>Any payment is subject to the minimum retained limit…</u>

13.    The Encompass Policy defines the Limits of Liability to state that the "amount of any payment we make is subject to the applicable minimum retained limit."

14.    The term "Minimum Retained Limit" is defined in the Encompass Policy to include "the total limits of any other insurance that applies to the occurrence which are available to a covered person."

15.    The "Minimum Retained Limit" as defined in the Encompass Policy is the $500,000 coverage limit in the underlying Great Northern Policy (<u>see</u> Complaint, ¶ 3).

GREAT NORTHERN INSURANCE COMPANY,

By its Attorneys,
RIEMER & BRAUNSTEIN LLP

Dated: February 4, 2005

/s/ Mark W. Corner_____
Mark W. Corner, BBO #550156
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000

## <u>CERTIFICATE OF SERVICE</u>

I, Mark W. Corner hereby certify that on this date, February 4, 2005, I served the foregoing  by causing a copy of same to be mailed, postage prepaid to:

Richard J. Conner, Esquire
424 Adams Street
Milton, Massachusetts  02186

/s/ Mark W. Corner_____
Mark W. Corner