UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-12131-RWZ

ENCOMPASS INSURANCE COMPANY,
AS SUBROGEE OF ANTHONY KHOURI,

            Plaintiff,

v.

GREAT NORTHERN INSURANCE
COMPANY,

            Defendant.

**DEFENDANT'S REPLY
MEMORANDUM IN FURTHER
SUPPORT OF MOTION FOR
SUMMARY JUDGMENT**

      The Defendant Great Northern Insurance Company ("Great Northern") submits the following memorandum to reply briefly to the assertions contained in Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment filed by the Plaintiff Encompass Insurance Company, as Subrogree of Anthony Khouri ("Encompass"[1]):

      1.     Encompass' references to Couch on Insurance for the proposition that it did not voluntarily make payment of the $75,000 to settle the Suffolk Action are inapplicable because in each such circumstance cited by Encompass, the question was whether the insurer made payment on a claim for which coverage was provided under the subject policy. Indeed, the heading to Section 223:27 of Couch, to which Encompass refers, is entitled "Payments Made in Reasonable, Good Faith Belief in Liability are Not Volunteered" [emphasis supplied]. See Couch On Insurance (3d ed.), Vol. 16, §223:27; see also Allstate Insurance Co. v. Quinn Construction Co., 713 F. Supp. 35, 38 (D. Mass. 1989):

> Allstate could be characterized as a volunteer only if it paid [its insured] when it clearly had no obligation to do so under its policy. That is not the case here. In fact, the opposite is true: Allstate was liable under its policy.

---

[1] Great Northern incorporates by reference the defined terms contained in its Memorandum in Support of Motion for Summary Judgment, filed on February 4, 2005.

See also Weir v. Federal Insurance Co., 811 F.2d 1387, 1394 n.4 (10th Cir. 1987):

> Accordingly, if Federal paid the Weirs [its insured] for losses not covered by the policy, Federal had no contractual right to recover that payment from Whirlpool [the party which allegedly caused the insured's loss]. Federal could still recover that payment from Whirlpool through equitable subrogation, but only if that payment was not voluntary.

2. Furthermore, the cases cited within the referenced provisions of Couch demonstrate that Encompass' arguments that it is not a volunteer based upon the undisputed material facts of record are unfounded. See, e.g., Allianz Insurance Co. v. State Farm Fire & Casualty Co., 214 Ga. App. 666, 449 S.E.2d 5 (1994) (excess insurance carrier's payment of loss to insured deemed "voluntary" where underlying carrier declined coverage); Insurance Company of North America v. Kyla, Inc., 193 Ga. App. 555, 388 S.E. 2d 530 (1989) (primary insurance carrier paying in excess of its policy limits made voluntary payment, as to which it could not seek subrogation from insured, or from broker who failed to procure excess insurance to meet the underlying limit of liability under the primary policy); compare with National Union Fire Insurance Co. v. American Motorist Insurance Co., 269 Ga. 768, 504 S.E.2d 673 (1998) (excess insurer's payment not voluntary where it was misrepresented that primary coverage was exhausted).

3. Further evidence that Encompass is proceeding down the wrong path in asserting that it is not a volunteer is its citation to Section 224:165 of Couch, which is entitled "Settlement of Action as Affecting Rights Against Co-Insurers." Great Northern, as an underlying insurer, and Encompass, as excess insurer, are not "co-insurers" who have "full or partial liability for underlying claim." Rather, Great Northern and Encompass have successive indemnity obligations, and Encompass' obligation to indemnify is not triggered unless and until Great Northern's underlying limit is exhausted.

4.	Here, there is no doubt as to Encompass' liability:  Encompass would be liable to pay a judgment against Khouri, if and only if that judgment exceeded the $500,000.00 underlying limit in the Great Northern policy.  Similarly, Encompass would be liable to its insured to pay a settlement amount in excess of the $500,000.00 underlying limit if such amount had first been paid by Great Northern.  As a matter of law, Encompass was a volunteer by "dropping down" beneath its coverage threshold to make the settlement payment where the underlying limit of the Great Northern Policy was not exhausted.

WHEREFORE, Great Northern's Motion for Summary Judgment should be allowed, for the reasons contained in this memorandum and the memorandum of law previously filed with the Court.

|  |  |
|---|---|
|  | GREAT NORTHERN INSURANCE COMPANY, By its Attorneys, RIEMER & BRAUNSTEIN LLP |
|  | */s/ Mark W. Corner* |
| Dated: March 22, 2005 | Mark W. Corner, BBO #550156 Riemer & Braunstein LLP Three Center Plaza Boston, Massachusetts 02108 (617) 523-9000 |

### CERTIFICATE OF SERVICE

I, Mark W. Corner hereby certify that on this date, March 22, 2005, I served the foregoing by causing a copy of same to be mailed, postage prepaid to:

Richard J. Conner, Esquire
424 Adams Street
Milton, Massachusetts  02186

*/s/ Mark W. Corner*
Mark W. Corner

(12581-617)
882705.1

3