UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12131-RWZ

ENCOMPASS INSURANCE COMPANY

v.

GREAT NORTHERN INSURANCE COMPANY

MEMORANDUM OF DECISION

August 26, 2005

ZOBEL, D.J.

On April 10, 1999, Anthony Khouri and Dominic Riggio allegedly assaulted Marc Sabini, who consequently sued them in Massachusetts state court. After Khouri's motion for summary judgment was denied, and it was adjudged that Riggio had no insurance coverage, Sabini demanded $2 million to settle the case. At the time, Khouri was covered by a primary insurance policy issued by Great Northern Insurance Company ("Great Northern") with a limit of $500,000 per occurrence. He also had an excess insurance policy issued by Encompass Insurance Company ("Encompass") with a $3,000,000 limit. Great Northern steadfastly refused to pay more than $400,000 even when Sabini later reduced his settlement demand to $475,000. Encompass paid the additional $75,000 in order to settle the case and then filed the instant suit against Great Northern to recover this payment.

Encompass filed a two-count Complaint against Great Northern in Massachusetts state court seeking equitable subrogation and alleging unfair and

deceptive business practices in violation of Chapter 93 of Massachusetts General Laws.  Defendant removed the case to this Court and now moves for summary judgment.

"Subrogation is an equitable adjustment of rights that operates when a creditor or victim of loss is entitled to recover from two sources, one of which bears a primary legal responsibility."  Safety Insur. Co. v. Mass. Bay Transportation Auth., 787 N.E.2d 1132, 1135 (Mass. App. Ct. 2003)(citation and quotation marks omitted).  If the secondary source pays the obligation, it obtains the rights of the creditor or victim to recover payment from the primary source.  Id.  The purpose of subrogation "is to encourage insurers to settle promptly claims that appear to be valid."  Allstate Insur. Co. v. Quinn Construction Co., 713 F. Supp. 35, 37-8 (D. Mass. 1989), citing Weir v. Federal Ins. Co., 811 F.2d 1387, 1395 n. 6 (10th Cir. 1987).  An insurer who pays the insured when it clearly had no obligation to do so, is deemed to have volunteered the payment and has no right of subrogation.  Allstate, 713 F. Supp. at 37-38; Sullivan v. Young Brothers & Co., 91 F.3d 242, 252 n.5 (1st Cir. 1996).  However, a "payment is not voluntary if it is made with a reasonable or good faith belief in an obligation or personal interest in making that payment."  Allstate, 713 F. Supp. at 38, quoting Weir v. Federal Ins. Co., 811 F.2d 1387, 1395 (10th Cir. 1987).

The issue is whether plaintiff paid the $75,000 voluntarily.  Defendant contends that it did and, therefore, has no right of subrogation.  Plaintiff counters that it paid in good faith to protect its interests because there was a reasonable likelihood that a trial would have resulted in a judgment in excess of the primary coverage.  In support,

plaintiff points out that Khouri's motion for summary judgment was denied and Sabini's medical bills were more than $500,000. Therefore, because its business decision was motivated by "self-protection," plaintiff concludes that it was involuntary for purposes of subrogation. Whether a payment was voluntary hinges on whether the policy clearly obligates the insurance company to pay – not whether the decision to pay is motivated by self-protection. See Sullivan v. Young Brothers & Co., 91 F.3d 242, 252 n.5 (1st Cir. 1996)("an insurer is a 'volunteer' and without rights to subrogation only if it pays its insureds when it *clearly* has no obligation to do so under its policy."). Here, the parties agree that plaintiff had no obligation under the terms of its policy to pay the $75,000. Because plaintiff paid voluntarily, it has no right of subrogation. Therefore, defendant's motion for summary judgment as to Count One is allowed.

In Count Two, plaintiff claims that defendant's refusal to settle the lawsuit for $475,000 was an unfair act giving rise to Chapter 93A liability. To recover under Chapter 93A, plaintiff must show that defendant's unfair act was "both a 'but for' cause (cause-in-fact) and a legal cause of the harm for which [plaintiff] seeks a remedy." RLI Insur. Co. v. General Star Indemnity Co., 997 F. Supp. 140, 151 (D. Mass. 1998). This requires plaintiff to prove that "no reasonable insurer would have refused the settlement offer or would have refused to respond to the offer." Hartford Casualty Insur. Co. v. New Hampshire Insur. Co., 628 N.E.2d 14, 18 (Mass. 1994). Whether defendant acted in bad faith in the settlement negotiations depends on the consideration of many factors including "the diligence of [defendant's] investigation of the [underlying] claim, the reasonableness of its assessment of the [underlying] liability

and possible defenses, the reasonableness of [defendant's] reliance (or failure to rely) on the advice of its counsel, whether a firm settlement demand within the primary limits was rejected, . . . and whether any decision to resist settlement was motivated by [defendant's] self-interest rather than the interests of the insured." First State Insur. Co. v. Utica Mutual Insur. Co., 870 F. Supp. 1168, 1177 (D. Mass. 1994). There are insufficient facts on this record to determine defendant's bad faith.

Accordingly, defendant's motion for summary judgment is allowed as to Count One and denied as to Count Two.

_____  /s/ Rya W. Zobel
        DATE                   RYA W. ZOBEL
                               UNITED STATES DISTRICT JUDGE